**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LIBORIO ALCAUTER,**

> **Petitioner,**

> **vs.**                                               **Civil Action 2:17-CV-0028**
>                                                        **Criminal No. 2:14-cr-200(3)**
>                                                        **CHIEF JUDGE SARGUS**
>                                                        **Magistrate Judge King**

**UNITED STATES OF AMERICA,**

> **Respondent.**


**ORDER AND
REPORT AND RECOMMENDATION**

Petitioner has filed a *Motion for Default Judgment* (ECF No. 916), taking the position that the United States has not responded to the *Motion to Vacate* (ECF No. 873). To the contrary, the United States filed a response to the *Motion to Vacate* on April 14, 2017. *Response* (ECF No. 904). Under these circumstances, it is **RECOMMENDED** that Petitioner's *Motion for Default Judgment* (ECF No. 916) be denied.

The Clerk is **DIRECTED** to mail a copy of the *Response* (ECF No. 904) and attached exhibit to Petitioner. Petitioner may have 14 days to file a traverse.


**Procedure on Objections**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)). Filing only "vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

*s/Norah McCann King*
Norah M$^c$Cann King
United States Magistrate Judge

June 27, 2017