IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LIBORIO ALCAUTER,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

Civ. No. 2:17-cv-0028
Crim. No. 2:14-cr-200(3)
**CHIEF JUDGE SARGUS**
Magistrate Judge King

## <u>OPINION AND ORDER</u>

On December 18, 2017, the Magistrate Judge recommended that the *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 873) be dismissed as without merit. *Report and Recommendation* (Doc. 939). Petitioner objects to that recommendation. *Objection* (Doc. 944). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.

Petitioner was convicted, on his pleas of guilty entered pursuant to a plea agreement, on two counts of willful failure to collect or pay over tax in violation of 26 U.S.C. § 7202, and on one count of employment of unauthorized aliens in violation of 8 U.S.C. § 1324a(a)(1)(A), (a)(2), (f)(1), and 18 U.S.C. § 2. He was sentenced to an aggregate term of 66 months' imprisonment, to be followed by three years' supervised release, and was ordered to pay restitution in the amount of $1, 127,233.00. *Judgment* (Doc. 709). Petitioner alleges in this action under 28 U.S.C. § 2255 that he was denied the effective assistance of counsel in the following respects: his attorneys wrongfully advised him to plead guilty, failed to explain the consequences of his guilty pleas, and failed to advise him that his sentence exceeded the statutory maximum (claim one); his attorneys failed to object to the calculation of his criminal history score (claim two); his attorneys failed to argue that his recommended guideline sentence

significantly overstated his culpability and role in the offense and that he therefore qualified for a reduced sentence (claim three); and his attorneys failed to present mitigating factors at sentencing (claim four). As noted *supra*, the Magistrate Judge recommended the dismissal of Petitioner's claims.

In his objections, Petitioner again raises all of the arguments that he presented to the Magistrate Judge. In addition, Petitioner states that he did not learn that his attorneys had performed in a constitutionally inadequate manner until after his plea and sentencing hearings. Petitioner insists that his attorneys should have argued for a reduced sentence.

For the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (Doc. 944) is **OVERRULED**. The record simply does not support Petitioner's claims. Petitioner pleaded guilty to the charges asserted in the *Superseding Information* (Doc. 658). The *Plea Agreement* (Doc. 659) was executed pursuant to the provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and the sentence actually imposed on Petitioner was the sentence agreed to by him in the *Plea Agreement. See Plea Agreement* (Doc. 659, PageID# 1701). Moreover, as a result of Petitioner's negotiated guilty pleas, the Government agreed not to pursue the additional charges that had been asserted against him in the *Superseding Indictment* (Doc. 398) (conspiracy to distribute and to possess with intent to distribute substantial quantities of heroin, cocaine, and marijuana, and conspiracy to allow illegal aliens to possess firearms), and agreed not to file any other charges, thereby substantially reducing Petitioner's sentencing exposure. The record does not support any suggestion that Petitioner could have obtained a further reduction of his sentence, or that his attorneys performed in a constitutionally ineffective manner in their defense of Petitioner. Additionally, Petitioner's

claim that he did not understand the terms of his *Plea Agreement* is belied by the record before this Court. *See Transcript of Proceedings* (Doc. 937).

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 873) is **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* —U.S.—. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

Where, as here, a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)). This Court is not persuaded that reasonable jurists would debate the dismissal of the claims asserted in this action as without merit. Therefore, the Court **DECLINES** to issue a certificate of appealability.

Moreover, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be in good faith.

The Clerk is **DIRECTED** to enter final **JUDGMENT.**

3

*signature* 3-6-2018
EDMUND A. SARGUS, JR.
Chief United States District Judge