IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIBORIO ALCAUTER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 2:17-cv-028
Crim. No 2:14-cr-200(3)
**CHIEF JUDGE EDMUND A SARGUS, JR.**
Magistrate Judge Nora King

## **OPINION AND ORDER**

On March 6, 2018, the Court dismissed Petitioner's *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 873). *Opinion and Order* (Doc. 948). This matter is now before the Court on Petitioner's *Motion for Reconsideration* (Doc. 952). For the reasons that follow, the *Motion for Reconsideration* is **DENIED**.

Petitioner was convicted, on his pleas of guilty, on two counts of willful failure to collect or pay tax in violation of 26 U.S.C. § 7202, and on one count of employment of unauthorized aliens in violation of 8 U.S.C. § 1324a and 18 U.S.C. § 2. He was sentenced to an aggregate term of 66 months' imprisonment followed by three years' supervised release and was ordered to pay restitution. *Judgment* (Doc. 709). In this action under 28 US.C. § 2255, Petitioner contends that he was denied the effective assistance of counsel based on, *inter alia*, his counsel's alleged failure to object to the calculation of his criminal history score and alleged failure to argue that Petitioner's recommended guideline sentence significantly overstated his culpability and role in the offense. The Court dismissed Petitioner's claims as without merit.

Petitioner seeks reconsideration of this Court's dismissal of these claims. Alternatively, Petitioner requests a certificate of appealability on these issues.

Rule 60(b) of the Federal Rules of Civil Procedure permits a district court to grant relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Moreover, a motion under Rule 60(b) may not be used to circumvent the limitations that Congress has placed on the presentation of claims in a second or successive application for habeas relief. *See Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Clark v. United States*, 764 F.3d 653, 658-59 (6th Cir. 2014)). When filed in a habeas corpus action, a motion for relief from judgment under Rule 60(b) may be entertained by a District Court, without prior authorization by the Court of Appeals as a second or successive petition, *see* 28 U.S.C. § 2244(b), only when the motion attacks – not the substance of the District Court's resolution of a claim – but some defect in the integrity of the federal habeas proceedings. *Gonzalez*, 545 U.S. at 532. On the other hand,

> [a] petitioner's Rule 60(b) motion is a "second or successive" habeas application "when it 'seeks vindication of' or 'advances' one or more 'claims.'" *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 531–32, 125 S.Ct. 2641). A "claim," in turn, "is 'an asserted federal basis for relief from a state court's judgment of conviction.'" *Ibid.* (quoting *Gonzalez*, 545 U.S. at 530, 125 S.Ct. 2641).

> For example, a habeas petitioner's Rule 60(b) motion advances claims "when [the petitioner] seeks to add a new ground for relief or seeks to present 'new evidence in support of a claim already litigated.'" *Moreland,* 813 F.3d at 322 (quoting *Gonzalez,* 545 U.S. at 531, 125 S.Ct. 2641).

*Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016).

Petitioner argues in his motion that the Court improperly dismissed the merits of his claims. Thus, this motion constitutes a successive petition and the Court lacks jurisdiction to consider it absent authorization by the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).

Therefore, because this Court lacks jurisdiction to consider Petitioner's motion absent authorization from the United States Court of Appeals, the *Motion for Reconsideration* (Doc. 952) is **DENIED**.

**IT IS SO ORDERED.**

5-29-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**